The route of the plaintiff's electric railroad crosses the track of the defendant's steam railroad at grade.
The plaintiff operates its road by means of the trolley, or overhead system, of electric power, between Bergen Point ferry in the village of Port Richmond and Prohibition Park in the village of New Brighton.
At the time the plaintiff was incorporated a corporation *Page 447 
known as the Staten Island Belt Line Railroad Company was authorized to operate a street surface railroad, and its tracks crossed those of the defendant at grade in the village of Port Richmond.
This corporation, through its receiver, leased to the plaintiff the right to run its cars over that portion of the Belt Line Company track that crossed the defendant's tracks at grade on a street known as the Shore road.
The defendant maintained at this crossing a gate on each side of the track, which was operated between two posts connected by a chain at the top, which was fifteen feet eleven inches above the surface.
The plaintiff's trolley cars were obliged to pass between these posts in running over the Belt Line tracks, and the presence of this chain rendered it impossible.
The plaintiff seeks in this action, among other things, the removal of the chain and a permanent injunction restraining the defendant from interfering with plaintiff in the operation of its road.
The plaintiff's contention, in brief, is, that under its lease from the Belt Line Company, and the subsequent permission of the defendant, it is entitled to operate its road across the tracks of the defendant without interference. The defendant insists that the plaintiff has never acquired the legal right to cross its tracks.
The trial court, in the seventh and eight findings of fact, finds substantially that the plaintiff, pending negotiations for an agreement, was permitted to operate its road temporarily over the defendant's tracks by courtesy, and when the negotiations were broken off the permission was revoked.
The proofs in this case are very meagre, but it cannot be said that the findings referred to are unsupported by any evidence.
The plaintiff rested under the burden of proving its legal right to operate its railroad across the tracks of the defendant at grade.
The Belt Line Company, the lessor of the plaintiff, if it had *Page 448 
more than a permissive right from the defendant, was authorized to operate a street surface railroad, which would, of course, not interfere with the defendant's gates and overhead chain.
This corporation, through its receiver, could not confer on the plaintiff any greater rights than it had.
As to plaintiff's contention that its four months use of the crossing by permission of the defendant had ripened into an absolute legal right, it is sufficient to say that the findings of fact already referred to, show this position to be untenable.
It, therefore, follows that the plaintiff has failed to establish that, either by agreement between the parties, or by authority of law, it is entitled to cross the defendant's tracks at grade and compel the removal of the obstructive gate chain.
We do not pass upon the merits of this case, nor upon the legal remedies of the parties; these questions are not presented for our consideration.
The judgment appealed from should be affirmed, with costs.
All concur, except HAIGHT, J., not sitting.
Judgment affirmed.